798 So.2d 159 (2001)
Peggy HALL, Individually and as Tutrix and Administrator of the Estate of Her Minor Son, Robert Rouse
v.
Mark HEBERT, Clayton Hebert, Marie Hebert and State Farm Fire and Casualty Company
No. 1999 CA 2781.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*160 Rebecca N. Robichaux, Raceland, for Plaintiffs-Appellants Peggy Hall, individually, and as tutrix and administrator of the estate of her minor son, Robert Rouse.
Leslie J. Clement, Jr., Thibodaux, for Defendant-Appellee Mark Hebert.
Christopher H. Riviere, Thibodaux, for Defendant-Appellee State Farm Fire and Casualty Company.
Gregory J. Schwab, Fredric C. Fondren, Houma, for Defendants-Appellees Clayton Hebert, Marie Hebert and State Farm Fire and Casualty Company.
Before: FOGG, FITZSIMMONS, GUIDRY, DOWNING, and SEXTON, JJ.[1]
GUIDRY, Judge.
Peggy Hall appeals the ruling of the trial court sustaining an exception of prescription in a personal injury suit for damages arising out of the sexual abuse of her minor son.

FACTS AND PROCEDURAL HISTORY
On January 3, 1996, Mark Hebert (Mark) was arrested for the sexual abuse of a minor, Robert Rouse (Robert), which acts occurred prior to December 28, 1995. He later pled guilty to the crime of oral sexual battery, La. R.S. 14:43.3,[2] and was sentenced to the maximum punishment mandated under the statute, fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence.
*161 On January 2, 1997, Peggy Hall, individually and as tutrix and administratrix of the estate of her minor son, Robert, filed a petition for damages for the "mental and physical pain" suffered by Robert as a result of the sexual abuse committed against him by Mark. Named as defendants in the petition were Mark, Mark's parents, Clayton and Marie Hebert (Heberts), and State Farm Fire and Casualty Company (State Farm), the Heberts' homeowner's insurance carrier.
On February 19, 1997, State Farm filed its answer to the plaintiff's petition generally denying all allegations. Prior to filing an answer to plaintiff's suit, the Heberts filed declinatory exceptions of lack of procedural capacity and vagueness. These exceptions were sustained by the trial court and the plaintiff was given thirty days in which to file an amended petition removing the grounds for the objections raised by the exceptions. Plaintiff subsequently filed amended petitions on July 28, 1997 and October 24, 1997.
Mark and the Heberts then filed separate answers to plaintiff's original and amended petitions denying liability for the claims raised therein.[3] On May 12, 1997, State Farm filed a motion for summary judgment in which it sought the partial dismissal of those claims seeking coverage for the acts committed by Mark. In its motion, State Farm averred that under certain exclusions in the policy for intentional or willful and malicious acts of an insured, coverage for plaintiff's claims against Mark were precluded. A hearing on the motion was held on March 20, 1998, and by a judgment signed on March 26, 1998, the trial court granted the motion for partial summary judgment in favor of State Farm. This court affirmed the judgment on appeal. See Hall v. Hebert, 98-1968 (La.App. 1st Cir.11/5/99) (unpublished opinion).
On January 6, 1999, the Heberts filed peremptory exceptions of no cause of action and prescription for those claims in the petition alleging negligence on their part. A hearing on the exceptions was held on April 9, 1999. In a judgment signed April 21, 1999, the trial court sustained the exception of prescription and ordered that plaintiff's claims against the Heberts and State Farm, as their liability insurer, be dismissed. It is from this judgment that plaintiff appeals.

ASSIGNMENTS OF ERROR
In contesting the judgment of the trial court, plaintiff raises the following assignments of error:
1) The trial court erred in failing to accept allegations of the petition as true on plea of prescription.
2) The trial court erred in maintaining peremptory exception of prescription.

DISCUSSION
In her first assignment of error, plaintiff contends that the trial court erred in failing to limit its consideration of the exception of prescription to the allegations found in the petition. In conjunction with the filing of the exception of prescription, the Heberts submitted the deposition testimony of Lieutenant Craig Melancon, the police officer who investigated and arrested Mark on the charges of sexual abuse. In that testimony, Lt. Melancon indicated that he had informed Ms. Hall of evidence indicating that Mark had committed wrongful sexual acts upon Robert on or before December 28, 1995. In plaintiff's amended petitions, she alleges that she first learned of the injurious conduct on January 3, 1996, the date of Mark's arrest.
*162 Article 922 of the Code of Civil Procedure declares that there are three types of exceptions that a party is allowed to raise: declinatory, dilatory, and peremptory. Prescription is listed among the objections that can be raised as a peremptory exception. La. C.C.P. art. 927. La. C.C.P. art. 931 states that, except for the objection of no cause of action, evidence may be introduced at the trial of the peremptory exception to support or controvert an objection, when the grounds thereof do not appear in the petition. Based on the allegations of plaintiff's amended petitions, there appear to be no grounds for the filing of the exception. Therefore, the trial court did not err in allowing the Heberts to submit the deposition testimony of Lt. Melancon in support of the exception. See Krolick v. State, 99-2622 (La.App. 1st Cir.9/22/00), 790 So.2d 21, writ denied, 00-3491 (La.2/9/01), 785 So.2d 829. Accordingly, this assignment of error lacks merit.
As for plaintiff's remaining argument that the trial court erred in sustaining the exception of prescription, we find merit and reverse that decision for the following reasons. At the trial of the exception, plaintiff advanced two arguments in opposition to the allegation that her claim against the Heberts was prescribed. Plaintiff's primary argument, as it has been on appeal, was that the earliest date from which the court could calculate the running of prescription was January 2, 1996, the night of the sting operation in which Mrs. Hall gave Lt. Melancon permission to wiretap Robert and send him into the Heberts' home to secure evidence against Mark. The trial court found, as a factual matter, that Mrs. Hall had knowledge as early as December 28, 1995, that Mark had engaged in wrongful sexual conduct towards Robert. This finding was based on the deposition testimony of Lt. Melancon. Based on our review of the record, we find no basis to disturb this finding by the trial court.
However, in the event that the trial court found that Mrs. Hall had knowledge of the sexual abuse as early as December 28, 1995, the plaintiff alternatively argued that the proper prescriptive period to apply was the three-year period found in La. C.C. art. 3496.1.[4] That article provides as follows:
Art. 3496.1. Action against a person for abuse of a minor
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.
The trial court held that La. C.C. art. 3496.1 only applied to persons guilty of the actual acts of abuse. Further, the trial court stated in its oral reasons for judgment that plaintiffs petition did not allege that the Heberts were guilty of committing any acts of physical harm upon Robert, but rather that the Heberts were negligent in failing to properly supervise Robert while he was in their home, their vehicles and at their camp. Based on jurisprudence applying La. C.C. art. 3496.1, we find the trial court's interpretation of that statute to be overly narrow.
*163 In Dugas v. Durr, 96-744 (La.App. 3rd Cir.3/6/98), 707 So.2d 1368, writ denied, 98-0910 (La.5/15/98), 719 So.2d 464, a fourteen year-old girl was raped while staying at a friend's home. The parents of the victim sued the parents of the alleged rapist and the parents of the friend in whose home their daughter was raped. The question of prescription was raised by the friend's parents who asserted that the "inadequate supervision" claim filed against them had prescribed under the one-year prescriptive period found in La. C.C. art. 3492. The trial court denied the exception, finding that the three-year prescriptive period found in La. C.C. art. 3496.1 applied. On appeal, the Third Circuit reversed the trial court and the victim's parents sought writs to the Louisiana Supreme Court. The supreme court granted the writs and remanded the case to the Third Circuit for briefing, argument, and full opinion.
On remand, the Third Circuit found that based on the definition of "abuse" found in La. Ch.C. art. 603(1), the claim of "inadequate supervision" filed against the friend's parents was subject to the three-year prescriptive period of La. C.C. art. 3496.1, and therefore had not prescribed. La. Ch.C. art. 603(1) defines "abuse" as:
(1) "Abuse" means any one of the following acts which seriously endanger the physical, mental, or emotional health and safety of the child:
(a) The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.
(b) The exploitation or overwork of a child by a parent or any other person.
(c) The involvement of the child in any sexual act with a parent or any other person, or the aiding or toleration by the parent or the caretaker of the child's sexual involvement with any other person or of the child's involvement in pornographic displays, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
Furthermore, the court stated that a claim of inadequate supervision resulting in the sexual abuse of a minor is encompassed within the La. C.Ch. art. 603(1)(a) definition of abuse because "[t]he fact that abuse is sexual does not diminish the fact that it is physical and likely mental abuse as well. Moreover, the inclusion of La. [Ch.C.] art. 603(1)(c) does not require reducing the protection provided by La. [Ch.C.] art. 603(1)(a)." Dugas, 96-744 at 8-9, 707 So.2d at 1371-1372. The Third Circuit, accordingly, affirmed the judgment of the trial court.
In the case before us, plaintiffs claim against the Heberts is identical to that of the victim's parents in Dugas in that the plaintiff alleges that the Heberts were negligent in failing to properly supervise Robert while he was in their home and entrusted to their care. In accord with the decision of the court in Dugas, we hold that plaintiff's claim against the Heberts is subject to the three-year prescriptive period outlined in La. C.C. art. 3496.1. Accordingly, we reverse the judgment of the trial court.
Finally, although the Heberts and State Farm neither appealed nor answered the appeal concerning the trial court's failure to consider the exception of no cause of action, in brief they request that this court consider the exception in the event we reverse the judgment sustaining the exception of prescription. In the proceedings below, the trial court found the exception of no cause of action to be moot in light of its ruling granting the exception of prescription. Since we have reversed the *164 trial court on the prescription issue, the exception of no cause of action is no longer moot. However, because the trial court failed to rule on this exception, we decline to exercise our power of review. Accordingly, we remand to the trial court for its consideration the exception of no cause of action.

CONCLUSION
Based on the foregoing, we find the prescriptive period pronounced in La. C.C. art. 3496.1 applicable to plaintiff's claim against the Heberts. In so finding, we reverse the judgment of the trial court sustaining the exception of prescription. This matter is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal are assessed to appellees, Clayton and Marie Hebert and State Farm Fire and Casualty Insurance Company.
REVERSED AND REMANDED.
FOGG, J., concurs and assigns reasons.
FITZSIMMONS, J., dissents, and assigns reasons.
SEXTON, J., dissents for the reasons assigned by FITZSIMMONS, J.
FOGG, concurs.
I respectfully concur in the result as I believe suit was filed within one year of Mrs. Hall's knowledge of the tortuous conduct.
FITZSIMMONS, Judge, dissenting with reasons.
I respectfully dissent from the majority's application of the three-year prescriptive period to Peggy Hall's claims against Clayton and Marie Hebert. The applicable statutory provision, Louisiana Civil Code Article 3496.1, involves actions for an "abuse" of a minor. However, "abuse," as it pertains to causes of action associated with the three-year prescriptive period, is not defined. In the absence of a definition of "abuse" relative to article 3496.1, the majority has elected to follow the interpretive stance of the Louisiana Third Circuit Court of Appeal. That circuit has borrowed the definition of "abuse" delineated in the Louisiana Children's Code Article 603(1) of Title VI, "Child in Need of Care."[1]
The "Child in Need of Care" provisions of the Children's Code were enacted with the following specific purpose:
to protect children whose physical or mental health and welfare is substantially at risk of harm by physical abuse, neglect, or exploitation and who may be further threatened by the conduct of others, by providing for the reporting of suspected cases of abuse, exploitation, or neglect of children; by providing for the investigation of such complaints; and by providing, if necessary, for the resolution of child in need of care proceedings in the courts. This Title is intended to provide the greatest possible protection as promptly as possible for such children.
La. Ch.C. art. 601.
Thereafter, in La. Ch.C. art. 604, the legislature provided that "[a] court exercising juvenile jurisdiction shall have exclusive original jurisdiction in conformity with any special rules prescribed by law, over any child alleged to be in need of care and the *165 parents of any such child." (underlining added)
The instant pleadings do not allege a claim for a child in need; rather, damages are asserted for past allegations of abuse. Moreover, the jurisdiction of the proceedings before this court did not transpire in juvenile court. As such, the definition of "abuse" located in article 603(1) becomes, not only strained but also, extraneous to the unrelated action before us.
The Louisiana First Circuit Court of Appeal has previously noted that, in 1992, a legislative amendment to article 3496.1 deleted the previous reference to "caretaker" in order to provide a prescription period for actions against any persons for abuse of a minor. See Acts 1992, No. 322, effective August 21, 1992. The amendment demonstrated a legislative intent to broaden opportunities for minors to sue their abusers whenever, and by whomever, the abuse occurs. L.V. v. Liberto, 612 So.2d 812, 815 n. 2 (La.App. 1st Cir.1992). Notwithstanding the amendment, the statutory language of article 3496.1 cannot be inferentially additionally expanded by the judiciary to broaden the definition of "abuse" to incorporate negligent supervision by a party who is not the perpetrator. To extend the definition of negligent supervision to constitute "abuse" in the instant delictual claim would necessitate direct legislative fiat. Moreover, it is respectfully suggested that so broad an extrapolation of "abuse," as it relates to La. C.C. art. 3496.1, might have the unintended consequence of subjecting a parent to claims for "abuse" whenever any incident occurs involving a minor visitor in his or her home.
Thus, it is submitted that the instant claims against the parents of the alleged perpetrator, for damages as a result of their allegedly negligent role, should fall within the purview of La. C.C. art. 3492. That provision of the code ascribes a one-ear prescriptive period for delictual actions.
NOTES
[1] Honorable Fred C. Sexton, Jr., retired judge, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] La. R.S. 14:43.3 defines oral sexual battery as follows:

A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
B. Lack of knowledge of the victim's age shall not be a defense.
[3] State Farm filed an answer to plaintiff's amended petitions on November 10, 1997.
[4] Plaintiff also argued the applicability of La. R.S. 9:2800.9, which provides a ten-year prescriptive period for claims of sexual abuse of a minor. However, we question the applicability of that statute since the record fails to show that the requirements of that article were met. Therefore, we will limit our discussion to the applicability of La. C.C. art. 3496.1.
[1] The Louisiana Fifth Circuit Court of Appeal has also rendered Woods v. St. Charles Parish School Board, 99-962 (La.App. 5 Cir. 1/25/2000), 750 So.2d 1168, which applied the definition of abuse in La. Ch.C. art. 603 to La. C.C. art. 3496.1. However, that court chose to focus on the word "infliction" to determine that La. C.C. art. 3496.1 was not applicable because there was no allegation of a perpetrator who caused the act to occur.