# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1369


**LOLA BOWIE, ET AL.**

**VERSUS**

**RAPIDES PARISH SCHOOL BOARD, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 206,506
HONORABLE WILLIAM ROSS FOOTE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**


**Kay Hilgerson Michiels**
**Laura N. Sylvester**
**Walker, Passman & Michiels**
**P. O. Box 13020**
**Alexandria, LA 71315-3020**
**(318) 445-4516**
**Counsel for Defendant/Appellee:**
**Rapides Parish School Board**

**Malcolm X. Larvadain**
**Edward Larvadain, Jr. & Associates**
**626 8th Street**
**Alexandria, LA 71301**
**(318) 445-3533**
**Counsel for Plaintiff/Appellant:**
**Lola Bowie**

**DECUIR, Judge.**

This is an appeal from a grant of an exception of prescription extinguishing a claim of inadequate supervision arising out of the sexual abuse of a minor.

**FACTS**

In November of 2000, D.T. was a mentally impaired thirteen-year-old student at Alexandria Junior High. On or about November 3, 2000, a sexual act occurred between D.T. and a fellow student. The act was confirmed by medical tests on November 22, 2000. On November 6, 2001, Lola Bowie filed suit individually and on behalf of D.T. against the Rapides Parish School Board.

The school board filed an exception of prescription alleging the action was prescribed by the liberative prescription of one year set forth in La.Civ.Code art. 3492. The trial court granted the exception and dismissed Bowie's claims with prejudice. Bowie lodged this appeal.

**PRESCRIPTION**

Bowie assigns as error the trial court's decision that La.Civ.Code. art. 3492 provides the applicable prescriptive period of one year. Bowie contends that the trial court should have applied the three-year prescriptive period provided in La.Civ.Code. art. 3496.1. We agree.

Prescription runs against all persons, including minors, unless exception is established by legislation. La.Civ.Code. arts. 3467 and 3468. Delictual actions are generally subject to a liberative prescription of one year, commencing from the day injury or damage is sustained. La.Civ.Code. art. 3492. However, the legislature has established a number of exceptions to the general one-year prescriptive period, among them La.Civ.Code. art. 3496.1. That article provides:

> An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches

the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.

The term "abuse" is not defined in the article. However, in *Dugas v. Durr,* 96-744 (La.App. 3 Cir. 3/6/98), 707 So. 2d 1368, *writ denied*, 98-910 (La. 5/15/98), 719 So.2d 464, this court adopted the definition of "abuse" set forth in La.Ch.Code. art. 603(1) for purposes of La.Civ.Code. art. 3496.1. There we found that a claim of "inadequate supervision" resulting in sexual abuse was subject to the three-year prescriptive period of La.Civ.Code. art. 3496.1.

Louisiana Children's Code Article 603(1) provides a definition of "abuse" for purposes of determining whether a minor is a "child in need of care":

> (1) "Abuse" means any one of the following acts which seriously endanger the physical, mental, or emotional health and safety of the child:
>
> (a) The infliction, attempted infliction, or, *as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.*
>
> (b) The exploitation or overwork of a child by a parent or other person.
>
> (c) The involvement of the child in any sexual act with a parent or any other person, or *the aiding or toleration by the parent or the caretaker of the child's sexual involvement with any other person* or of the child's involvement in pornographic displays, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.

(Emphasis ours.)

The school board protests that application of La.Civ.Code art. 3496.1 to this case treats the board as if it were a sexual perpetrator. Bowie does not claim that the school board or its employees abused D.T. through any type of physical contact. However, Bowie claims the school board did commit an "abuse of a minor," as defined by La.Ch.Code art. 603, by inadequately supervising D.T. while she was left in its care at Alexandria Junior High.

2

In *Dugas* we said:

La.Ch.Code art. 603 contains three different definitions of "abuse." The first deals with abuse of a minor through physical or mental injury; the second deals with "[t]he exploitation or overwork of a child by a parent or any other person"; and the final definition pertains to the involvement of the minor in sexual acts. As pointed out by Breaux in his brief, the only definition containing a reference to "inadequate supervision" is the one involving physical and mental abuse. The allegations are clear that Angel suffered sexual abuse. Breaux contends that La.Ch.Code art. 603(1)(a) is inapplicable in this case because La.Ch.Code art. 603(1)(c) governs sexual abuse, and it does not proscribe abuse as a result of "inadequate supervision."

Prescription statutes are to be strictly construed against prescription and in favor of the obligations sought to be extinguished by them. *Wimberly v. Gatch*, 93-2361 (La.4/11/94); 635 So.2d 206; *Bouterie v. Crane*, 616 So.2d 657 (La.1993). Breaux's reading of the statute is overly narrow and robs the provision of its proper context. It is primarily a statute defining abuse. The fact that abuse is sexual does not diminish the fact that it is physical and likely mental abuse as well. Moreover, the inclusion of La.Ch.Code art. 603(1)(c) does not require reducing the protection provided by La.Ch.Code art. 603(1)(a). In fact, we find that La.Ch.Code art. 603(1)(c) broadens the definition of abuse by including participation in pornographic displays which might not actually encompass physical or mental abuse.

*Dugas*, 707 So.2d at 1371-72.

Thus, in *Dugas* we recognized that the three-year liberative prescription of La.Civ.Code art. 3496.1 is applicable to an inadequate supervision claim.

The school board attempts to distinguish *Dugas* on the grounds that it involved an overnight sleep-over situation. We do not find this distinction persuasive. The fact that the school board was not responsible for the overnight supervision of D.T. may lessen its exposure to risk but it in no way reduces its responsibility to provide adequate supervision. Nor are we persuaded that the nature of the relationship between D.T. and the school board is so different than the relationship in *Dugas* as to remove the school board from the purview of the statute.

Accordingly, we find the trial court erred in applying the one-year liberative prescription of La.Civ.Code art. 3492. The three-year prescriptive period of La.Civ.Code art. 3496.1 is applicable to this case.

3

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for trial on the merits. All costs of these proceedings in the amount of $1,035.74 are taxed to appellee, Rapides Parish School Board.

**REVERSED AND REMANDED.**