| | | |
|---|---|---|
| **CARLY DOE** | * | **NO. 2023-C-0094** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KEITHAN RAYFORD,** | * | |
| **KEEGAN RAYFORD,** | | **FOURTH CIRCUIT** |
| **MARCUS EVANS, CJ PEETE I,** | * | |
| **LLC, MCCORMACK BARON** | | **STATE OF LOUISIANA** |
| **MANAGEMENT, INC.,** | * * * * * * * | |
| **HARMONY NEIGHBORHOOD** | | |
| **DEVELOPMENT, INC. D/B/A** | | |
| **"HARMONY OAKS** | | |
| **APARTMENTS", HOUSING** | | |
| **AUTHORITY OF NEW** | | |
| **ORLEANS, AISHA DUNIVER,** | | |
| **ABC INSURANCE COMPANY,** | | |
| **DEF INSURANCE COMPANY,** | | |
| **AND XYZ INSURANCE** | | |
| **COMPANY** | | |

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-03726, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge
Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Rachael D. Johnson)

**JENKINS, J., DISSENTS WITH REASONS**

Donald E. McKay, Jr.
Megan Haynes
Stefini W. Salles
LEAKE & ANDERSSON LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163


COUNSEL FOR APPLICANTS/DEFENDANTS


Hope Phelps
William Most
201 St. Charles Avenue, Suite 114, #101
New Orleans, LA 70170

COUNSEL FOR PLAINTIFF/RESPONDENT

RDJ
TFL
DLD
PAB

Applicants/Defendants, CJ Peete I, LLC ("CJ Peete"), McCormack Baron Management, Inc. ("McCormack Baron"), Housing Authority New Orleans ("HANO"), and Aisha Duniver ("Ms. Duniver") (collectively, "CJ Peete Defendants") seek review of the trial court's January 10, 2023 judgment denying their peremptory exception of prescription. For the reasons that follow, we grant the Writ Application and sustain the exception of prescription.

## Facts and Procedural History

This is a sexual assault case. Plaintiff/Respondent, Carly Doe ("Plaintiff"), alleges that on April 28, 2019, she attended a Kappa Alpha Psi Fraternity party in Defendant Marcus Evans' ("Mr. Evans") apartment (the "Property") at the Harmony Oaks Apartments located at 2671 Seventh Street in New Orleans, Louisiana. Plaintiff further alleges that Defendant Keithan Rayford raped her in a truck parked on the street outside of the Harmony Oaks Apartments. According to Plaintiff, CJ Peete and HANO are owners of the Property, McCormack managed

1

the Property during the time period relevant to the instant action, and Ms. Duniver was the property manager on the date of the alleged sexual assault.

On April 27, 2022, Plaintiff filed suit against: (1) Mr. Keithan Rayford; (2) Mr. Keegan Rayford; (3) Mr. Evans; (4) CJ Peete Defendants; (5) Harmony Neighborhood Development, Inc. ("Harmony"); (6) ABC Insurance Company; (7) DEF Insurance Company; and (8) XYZ Insurance Company, asserting tort and direct action claims. Specifically, as to CJ Peete Defendants, Plaintiff asserted the following claims:

### Fifth—Premises Liability
*Against Defendants C.J. Peete, McCormack Baron,*
*Harmony, HANO, and Ms. Duniver*

147. Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Petition.

148. Defendants owed a duty of care to individuals on the premises.

149. Defendants did foresee or should have foreseen that the rape of [Plaintiff] would occur because of prior Kappa Alpha Psi parties on the premises, where individuals under the age of 21 were illegally plied with alcohol.

150. Defendants did foresee or should have foreseen that the rape of [Plaintiff] would occur because of prior similar crimes on and around the premises.

151. Defendants were also negligent by assuming a duty to provide security (such as by having working cameras up and security guards on-site) and negligently and inadequately performing those duties.

152. In particular, Defendants C.J. Peete, McCormack Baron, Harmony, and HANO were negligent in each or all of the following respects:

    a. Failure to provide adequate safety measures and security features to the Property;

    b. Failure to include sufficient security cameras;

    c. Failure to monitor security camera footage;

    d. Failure to properly utilize security measures;

    e. Failure to provide security guards;

f. Failure to provide sufficient and/or properly trained security guards;

g. Failure to provide security guards that were alert to security breaches;

h. Failure to provide operating procedures for security guards;

i. Failure to follow operating procedures (or post orders or special orders);

j. Failure to maintain proper records of prior criminal actions on the Property;

k. Failure to investigate and respond to security threats to protect individuals on the Property;

l. Failure to provide special orders for security guards to deal with criminal activity on and affecting the Property;

m. Failure to follow procedures recommended by security company or advisor;

n. Failure to train employees in security procedures;

o. Failure to properly manage the Property;

p. Failure to adequately ensure the safety of lessees and their guests and specifically the safety of [Plaintiff];

q. Failure to warn lessees and their guests, including [Plaintiff], about the violence on the premises;

r. Failure to warn lessees and their guests, including [Plaintiff], that a safe home environment or a safe environment for guests would not be possible on the Property;

s. Failure to inform lessees and their guests, including [Plaintiff] about all of the known prior violent crimes on the Property;

t. Creating an unreasonable risk of harm to lessees and their guests and specifically to [Plaintiff];

u. Causing the rape of [Plaintiff] by allowing Kappa Alpha Psi Fraternity members to have house parties on the premises, when Defendants knew or should have known that Fraternity members illegally plied persons under the age of 21 with alcohol at those parties;

v. Causing the rape of [Plaintiff] by allowing Kappa Alpha Psi Fraternity members to have house parties on the premises, when Defendants knew or should have known that Fraternity members sexually assaulted young women at those parties;

3

w. Knew, or in the exercise of reasonable care, should of known, of the ruin, vice, or defect in the Property and failed to correct or repair it;

x. Failure to take action to prevent [Plaintiff's] injuries and damages through the exercise of reasonable care; and

y. Failure to exercise reasonable care.

153. In particular, upon information and belief, Ms. Duniver was negligent in each or all of the following respects:

a. Failure to provide and promote adequate safety measures and security features to the Property;

b. Failure to report and/or failure to adequately report security concerns and risks to [CJ] Peete, Harmony, McCormack Baron, and/or HANO;

c. Failure to implement safety and security protocol at the Property;

d. Failure to monitor security camera footage;

e. Failure to follow operating procedures (or post orders or special orders);

f. Failure to maintain proper records of prior criminal actions on the Property;

g. Failure to investigate and respond to security threats to protect individuals on and affecting the Property;

h. Failure to provide special orders for security guards to deal with criminal activity on and affecting the Property;

i. Failure to follow procedures recommended by security company advisor;

j. Failure to train employees in security procedures;

k. Failure to property manage the Property;

l. Failure to warn lessees and their guests, including [Plaintiff], about the violence on the premises;

m. Failure to warn lessees and their guests, including [Plaintiff], that a safe home environment or safe environment for guests would not be possible on the Property;

n. Failure to inform lessees and their guests, including [Plaintiff], about all of the known prior violent crimes on the Property;

o. Creating an unreasonable risk of harm to lessees and their guests and specifically to [Plaintiff];

p. Failure to take action to prevent [Plaintiff's] injuries and damages through the exercise of reasonable care; and

q. Failure to exercise reasonable care.

4

On October 14, 2022, CJ Peete Defendants filed a peremptory exception of prescription, arguing that a one-year prescriptive period applied to the premises liability claims against them pursuant to La. Civ. Code art. 3492. Accordingly, CJ Peete Defendants further argued that Plaintiff's premises liability claims were prescribed, as Plaintiff filed her petition almost three years after her alleged sexual assault occurred.

Plaintiff filed an opposition to CJ Peete's peremptory exception of prescription on December 1, 2022. In her opposition, Plaintiff contended that her claims against CJ Peete Defendants were "within the statutory definition of 'any act of sexual assault'" under La. R.S. 46:2184 and that, accordingly, a three-year prescriptive period applied to her claims pursuant to La. Civ. Code art. 3496.2. Plaintiff therefore asserted that her claims against CJ Peete Defendants were not prescribed.

The trial court heard CJ Peete Defendants' peremptory exception of prescription on December 9, 2022. In a January 10, 2023 judgment, the trial court denied CJ Peete Defendants' exception.

## Discussion

In their two assignments of error, CJ Peete Defendants contend that the trial court erred when it denied their exception of prescription and found that the three-year prescriptive period applied to Plaintiff's claims against them pursuant to La. Civ. Code art. 3496.2 instead of the one-year prescriptive period under La. Civ. Code art. 3492. We agree.

A "peremptory exception of prescription may be pleaded at any stage of the proceeding." La. C.C.P. art. 928. It "must be specifically pleaded and may not be

5

supplied by the court." *Wells v. Zadeck*, 11-1232, p. 6 (La. 3/30/12), 89 So.3d 1145, 1149 (citing La. C.C.P. art. 927(B)). Ordinarily, "prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." *Id.* at pp. 6-7, 89 So.3d at 1149 (citing *Carter v. Haygood*, 04-0646, p.10 (La. 1/19/05), 892 So.2d 1261, 1268) (additional citations omitted). "The rules of prescription are designed to prevent old and stale claims from being prosecuted." *Id.* at p. 7 (citing *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508).

"This Court's review of a ruling sustaining an exception of prescription 'varies based on whether evidence was introduced in the trial court at the hearing on the exception.'" *Fisher v. Blood Center*, 20-0551, p. 4 (La. App. 4 Cir. 2/10/21), 313 So.3d 1275, 1279 (citing *Barkerding v. Whittaker*, 18-0415, p. 13 (La. App. 4 Cir. 12/8/18), 263 So.3d 1170, 1180). Where "no evidence is introduced, 'the judgment is reviewed simply to determine whether the trial court's decision was legally correct,'" and the "*de novo* standard of review applies." *Wells Fargo Financial La., Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (quoting *Arton v. Tedesco*, 14-1281, p. 3 (La. App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128). "In this context, 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" *Id.* (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88) (additional citation omitted).

Typically, the burden of proof at trial on a peremptory exception of prescription rests with the mover. *Fisher*, 20-0551, p. 5, 313 So.3d at 1280. The burden shifts to the plaintiff, however, if prescription is evident on the face of the

6

plaintiff's pleadings.  In that case, "the burden shifts to the plaintiff to show the action has not prescribed." *Id.* (quoting *Carter*, 04-0646, p. 9, 892 So.2d at 1267).

In their Writ Application, CJ Peete Defendants contend that Plaintiff's claims against them are premises liability claims which are subject to a one-year prescriptive period pursuant to La. Civ. Code art. 3492.  Accordingly, CJ Peete Defendants further contend that Plaintiff's claims against them are prescribed on the face of Plaintiff's petition because Plaintiff filed her suit nearly three years after the alleged incident occurred.  CJ Peete Defendants assert that the three-year prescriptive period for sexual assault claims outlined in La. Civ. Code art. 3496.2 does not apply to Plaintiff's claims against them and rely on Louisiana jurisprudence to assert that, "[i]n cases involving multiple defendants and multiple theories of liability, Louisiana [c]ourts will apply different prescriptive periods." CJ Peete Defendants distinguish the cases Plaintiff relied on in opposition to their exception[1], asserting that they involved minors and what could be considered "abuse" under the Louisiana Children's Code, triggering the three-year prescriptive period under La. Civ. Code. art. 3496.1.  Finally, CJ Peete Defendants contend that dismissing Plaintiff's claims against them does not run contrary to the purpose of La. Civ. Code art. 3496.2 because they "did not commit a sexual act against Plaintiff" and because Plaintiff can still pursue her claims against "the alleged criminal actor(s)" in the instant action.

---

[1] *See Bowie v. Rapides Par. Sch. Bd.*, 03-1369, p. 3 (La. App. 3 Cir. 3/3/04), 867 So.2d 942, 944-45 (applying the three-year prescriptive period under La. Civ. Code art. 3496.1 to an inadequate supervision claim of a minor because La. Ch. Code art. 603(1)(c) "broadens the definition of abuse by including participation in pornographic displays which might not actually encompass physical or mental abuse"); *Hall v. Hebert*, 99-2781, p. 8 (La. App. 1 Cir. 6/22/01), 798 So.2d 159, 164 (finding that the three-year prescriptive period under La. Civ. Code art. 3496.1 applied to plaintiff's claim and remanding for further proceedings).

In her opposition, Plaintiff argues that CJ Peete Defendants have failed to show irreparable harm necessary for interlocutory review. Additionally, Plaintiff contends her claims against CJ Peete Defendants fall within the statutory definition of La. Civ. Code art. 3496.2. Specifically, Plaintiff contends that the following sex offenses are "pertinent acts" under La. R.S. 15:541(24) and are subject to the three-year prescriptive period pursuant to La. Civ. Code art. 3496.2:

- [P]erpetration or attempted perpetration of or conspiracy to commit human trafficking when prosecuted under the provisions of [La.] R.S. 14:46.2(B)(2)
- [La.] R.S. 14:93.5 (sexual battery of persons with infirmities); and
- [La.] R.S. 14:41 (rape), [La.] R.S. 14:42 (aggravated or first degree rape), [La.] R.S. 14:42.1 (forcible or second degree rape), [La.] 14:43 (simple or third degree rape), [La.] 14:43.1 (sexual battery), [La.] R.S. 14:43.2 (second degree sexual battery)

Accordingly, Plaintiff contends that the three-year prescriptive period under La. Civ. Code art. 3496.2 applies to her claims against CJ Peete Defendants and that they are not prescribed on the face of her petition. In support of this argument, Plaintiff relies on Louisiana jurisprudence involving sexual abuse of minor children in which Louisiana courts have applied the three-year prescriptive period for abuse of a minor pursuant to La. Civ. Code art. 3496.1. Plaintiff distinguishes the cases CJ Peete Defendants cite in support of their exception[2], arguing that they are not binding on this Court and that they "do[] not support a narrowed interpretation" of La. Civ. Code art. 3496.2. Finally, Plaintiff contends that

---

[2] *See Sherman v. Irwin*, unpub., 21-0482, p. 1 (La. App 1 Cir. 7/19/21), *writ denied*, 2021-01213 (La. 11/17/21), 327 So.3d 994 (applying a three-year prescriptive period under La. Civ. Code art. 3496.2 to one party and a one-year prescriptive period under La. Civ. Code art. 3492 to another party); *Smith v. Vick Inv., LLC*, p. 4 (La. App. 3 Cir. 6/3/20), 298 So.3d 288, 291 (applying a two-year prescriptive period under La. Civ. Code art. 3493.10 to one party and a one-year prescriptive period to another party).

dismissing her claims against CJ Peete Defendants would be "contrary to the [Louisiana L]egislature's decision to extend the prescriptive period to three years for survivors of sexual assault" because it would effectively force sexual assault victims to pursue some of their claims on an accelerated timeline.

La. Civ. Code art. 3496.2 provides that "[a] delictual action against a person for any act of sexual assault, as defined in [La.] R.S. 46:2184, is subject to a liberative prescription of three years," which "commences to run from the day the injury or damage is sustained or the day the victim is notified of the identity of the offender by law enforcement or a judicial agency, whichever is later." La. R.S. 46:2184 defines "sexual assault" as "any nonconsensual sexual contact including but not limited to any act provided in [La.] R.S. 15:541(24) or obscenity ([La.] R.S. 14:106)."

La. R.S. 15:541(24)(a) defines "sex offense" as:

> deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration of or conspiracy to commit human trafficking when prosecuted under the provisions of [La.] R.S. 14:46.2(B)(2), [La.] R.S. 14:46.3 (trafficking of children for sexual purposes), [La.] R.S. 14:89 (crime against nature), [La.] R.S. 14:89.1 (aggravated crime against nature), [La.] R.S. 14:89.2(B)(3) (crime against nature by solicitation), [La.] R.S. 14:80 (felony carnal knowledge of a juvenile), [La.] R.S. 14:81 (indecent behavior with juveniles), [La.] R.S. 14:81.1 (pornography involving juveniles), [La.] R.S. 14:81.2 (molestation of a juvenile or a person with a physical or mental disability), [La.] R.S. 14:81.3 (computer-aided solicitation of a minor), [La.] R.S. 14:81.4 (prohibited sexual conduct between an educator and student), [La.] R.S. 14:82.1 (prostitution; persons under eighteen), [La.] R.S. 14:82.2(C)(4) and (5) (purchase of commercial sexual activity), [La.] R.S. 14:92(A)(7) (contributing to the delinquency of juveniles), [La.] R.S. 14:93.5 (sexual battery of persons with infirmities), [La.] R.S. 14:106(A)(5) (obscenity by solicitation of a person under the age of seventeen), [La.] R.S. 14:283 (video voyeurism), [La.] R.S. 14:41 (rape),

9

R.S. 14:42 (aggravated or first degree rape), R.S. 14:42.1 (forcible or second degree rape), [La.] R.S. 14:43 (simple or third degree rape), [La.] R.S. 14:43.1 (sexual battery), [La.] R.S. 14:43.2 (second degree sexual battery), [La.] R.S. 14:43.3 (oral sexual battery), [La.] R.S. 14:43.5 (intentional exposure to HIV), a second or subsequent conviction of [La.] R.S. 14:283.1 (voyeurism), or a second or subsequent conviction of [La.] R.S. 14:89.3 (sexual abuse of an animal), committed on or after June 18, 1992, or committed prior to June 18, 1992, if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992. A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to an offense provided for in this Chapter, unless the tribal court or foreign conviction was not obtained with sufficient safeguards for fundamental fairness and due process for the accused as provided by the federal guidelines adopted pursuant to the Adam Walsh Child Protection and Safety Act of 2006.

La. R.S. 14:46.2 addresses human trafficking and provides, in pertinent part:

A. It shall be unlawful:
(1)(a) For any person to knowingly recruit, harbor, transport, provide, solicit, receive, isolate, entice, obtain, patronize, procure, purchase, hold, restrain, induce, threaten, subject, or maintain the use of another person through fraud, force, or coercion to provide services or labor.
(b) For any person to knowingly recruit, harbor, transport, provide, solicit, sell, purchase, patronize, procure, hold, restrain, induce, threaten, subject, receive, isolate, entice, obtain, or maintain the use of a person under the age of twenty-one years for the purpose of engaging in commercial sexual activity regardless of whether the person was recruited, harbored, transported, provided, solicited, sold, purchased, received, isolated, enticed, obtained, or maintained through fraud, force, or coercion. It shall not be a defense to prosecution for a violation of the provisions of this Subparagraph that the person did not know the age of the victim or that the victim consented to the prohibited activity.
(2) For any person to knowingly benefit from activity prohibited by the provisions of this Section.
(3) For any person to knowingly facilitate any of the activities prohibited by the provisions of this Section by

10

any means, including but not limited to helping, aiding, abetting, or conspiring, regardless of whether a thing of value has been promised to or received by the person.
B.
* * * * *
(2)(a) Whoever commits the crime of human trafficking when the services include commercial sexual activity or any sexual conduct constituting a crime under the laws of this state shall be fined not more than fifteen thousand dollars and shall be imprisoned at hard labor for not more than twenty years.
* * * * *
C. For purposes of this Section:
(1) "Commercial sexual activity" means any sexual act performed or conducted when anything of value has been given, promised, or received by any person, directly or indirectly, including the production of pornography.

While Plaintiff contends that the sex offenses of human trafficking, sexual battery of persons with infirmities, and rape are "pertinent acts," Plaintiff fails to assert any claims for any of the above sex offenses against CJ Peete Defendants. Liberally construing Plaintiff's allegations in her petition and accepting them as true, we conclude after a *de novo* review that Plaintiff's petition expressly and exclusively asserts premises liability claims against CJ Peete Defendants. Accordingly, we agree with CJ Peete Defendants that the one-year prescriptive period pursuant to La. Civ. Code art. 3492 applies to Plaintiff's claims against them and that they are prescribed on the face of Plaintiff's petition. We therefore "exercise [our] supervisory jurisdiction to review a trial court's denial of a peremptory exception where the overruling of the exception is arguably incorrect, there is no factual dispute to be resolved, and a reversal will terminate the unnecessary litigation." *Spencer v. U.S. Fidelity and Guar. Co.*, 454 So.2d 340, 342 (La. App. 4th Cir. 1984) (citing *Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La. 1981) (additional citations omitted).

11

## **Decree**

For the foregoing reasons, we grant the Writ Application and sustain CJ

Peete Defendants' peremptory exception of prescription.

                                                    **WRIT GRANTED**