806 So.2d 126 (2001)
Sharon SMITH, Individually and as Representative of the Minors Lisa Michelle Wall, Blake Aaron Wall and Chrystal Leann Wall
v.
STATE of Louisiana, through the DEPARTMENT OF SOCIAL SERVICES AND EDUCATIONAL AND TREATMENT COUNCIL, INC.
No. 01-943.
Court of Appeal of Louisiana, Third Circuit.
December 28, 2001.
Rehearing Denied February 20, 2002.
*127 Russell Purvis, Smith, Taliaferro, Purvis & Boothe, Jonesville, LA, Counsel for Plaintiffs/Appellees: Sharon Smith, Individually and as Representative of the Minors Lisa Michelle Wall, Blake Aaron Wall and Crystal Leann Wall.
Joe A. Brame, Brame & McCain, Lake Charles, LA, Counsel for Defendant/Appellant: Educational and Treatment Council, Inc.
Micheal Penn, Adam L. Ortego, Louisiana Department of Justice, Attorney General, Lake Charles, LA, Counsel for Defendant/Appellee State of Louisiana.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, MARC T. AMY, and ELIZABETH A. PICKETT, Judges.
PICKETT, Judge.

FACTS
On June 3, 1993, Crystal, Lisa, and Ronal Wall, the children of Sharon Smith and Ronal Wall, Sr., were adjudicated children in need of care and placed in the custody of the State of Louisiana through the Department of Social Services. The children were split up and placed in different foster care facilities. While in the care of the Department of Social Services (DSS), the children frequently ran away from the various foster care facilities and homes where they were placed.
On July 31, 1995, Lisa was transferred to Harbour House in Lake Charles, Louisiana which was operated by Educational and Treatment Council, Inc. ("ETC") under a contract with the State of Louisiana, DSS.
Lisa ran away from Harbour House twice. The second time she ran away, on August 19, 1995, Lisa was picked up by ETC employee Brian Mayes. This was apparently a pre-arranged event between this juvenile and an adult employee of ETC. Lisa spent the night with Brian Mayes and engaged in unprotected sexual intercourse. Lisa became pregnant, allegedly as a result of this union.
*128 On August 29, 1995, Lisa was removed from ETC and placed at the Renaissance Group Home for Girls, from which she ran away in September of 1995. The state was unaware of Lisa's whereabouts until March, 1996. Lisa was seven months pregnant by that time, allegedly from her union with Brian Mayes.
Due, apparently, to the children's failure to cooperate, DSS recommended that Lisa and Crystal be released from its custody. Pursuant to that recommendation, the children were released from the custody of DSS by a district judge on May 3, 1996.
May 30, 1996, Lisa gave birth to Blake Aaron Wall.
December 23, 1996, Sharon Smith, individually and on behalf of the minor children, Lisa and Crystal, and her grandson, Blake, filed suit against the State of Louisiana and Educational and Treatment Council, Inc. Since that date, numerous exceptions and motions have been filed by the defendants.
At issue before us today is an exception of prescription filed by the defendant, ETC and Motions for partial Summary Judgment filed on behalf of both ETC and the plaintiffs.
The trial court heard these motions on February 28, 2001. The defendant's exception of prescription was denied. The trial court granted ETC's Motion for Partial Summary Judgment on the issue of vicarious liability, but denied the motion in all other respects. The court granted the plaintiff's motion as to the issue of negligence, thereby finding ETC and the State liable and limiting the trial in this matter to quantum.
From the trial court's ruling, the defendants appeal.

DISCUSSION
The defendants allege five assignments of error, as follows:
1) The trial court erred in granting plaintiffs' motion for partial summary judgment on the issue of negligence against ETC and the State.
2) The trail court erred in denying ETC's exception of prescription.
3) The trial court erred in failing to assess liability to Brian Mayes.
4) The trial court erred in usurping the jury's right to allocate fault to Brian Mayes.
5) The trial court erred in depriving ETC of its right to have its defenses decided by the jury.

Assignment of Error No. 2
The defendants contend the trial court erred in denying ETC's exception of prescription because suit was not filed by the plaintiffs until December 23, 1996, more than one year after the incident. The state joined in the exception of prescription. When the trial judge ruled on the exception he stated that he did not believe prescription began to run until the child was born because he considered it to be a continuing tort. We disagree with this analysis. The claim of negligence against both the state and ETC relates specifically to the events that occurred on August 19, 1995, when Lisa ran away from Harbor House, with the assistance of an adult employee, and engaged in sexual intercourse with that employee that same night. The claim against both the state and ETC is based on negligence and is delictual in nature. La.Civ.Code art. 3492 provides that, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Thus, prescription began to run *129 on the day of the actual incident, August 19, 1995.
Ordinarily, it is the exceptor's burden to show that the action is barred by prescription. Langlinais v. Guillotte, 407 So.2d 1215, 1216 (La.1981). However, when the petition shows on its face that the prescriptive period has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624, 628 (La. 1992).
The Louisiana Supreme Court specifically addressed the issue of whether the one year prescriptive period of Civil Code Article 3492 was suspended during the period in which the legal custody of the unemancipated minor was adjudicated to the State of Louisiana in Bouterie v. Crane, 616 So.2d 657 (La.1993). In that particular case the court found because of a hiatus in the law, that uncertainty existed "as to who had the responsibility and procedural capacity to represent the unemancipated minor in suit since the minor's natural father was an absentee, her natural mother temporarily lost legal custody, her legal custody was adjudicated to the State and her physical custody was placed with her aunt." The court concluded that equity demands that prescription be suspended during the period legal custody of the unemancipated minor was adjudicated to the State.
Subsequent to the court's ruling in Bouterie, the legislature amended La.Code Civ.P. art. 683. Act 867 of 1993 added paragraph "D" to that statute which now reads, in its entirety as follows:
Art. 683 Unemancipated minor
A. An unemancipated minor does not have the procedural capacity to sue.
B. Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when one or both of the parties are dead, the parents are divorced or judicially separated, or the minor is an illegitimate child.
C. The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is mentally incompetent, committed, interdicted, imprisoned, or an absentee. Moreover, with permission of the judge, the mother may represent the minor whenever the father fails or refuses to do so; and in any event she may represent the minor under the conditions of the laws on the voluntary management of another's affairs.
D. Notwithstanding the provisions of Paragraph A, B, or C, an attorney appointed by the court having jurisdiction over an unemancipated minor who is in the legal custody of the Department of Social Services is the proper plaintiff to sue to enforce a right of an unemancipated minor. Upon application of the tutor or parent who would otherwise be the proper plaintiff to sue pursuant to Paragraph B or C, the court shall appoint or substitute as the proper plaintiff the best qualified among the tutor, parent or appointed attorney.
This amendment of Article 683 clearly does away with any confusion as to who has the procedural capacity to enforce a legal right of an unemancipated minor in the custody of the state. The ruling in Bouterie, therefore, which suspended the ruling of prescription while the child was in state custody, has no application here.
*130 As previously noted, the incident at issue occurred August 19, 1995. After being moved to a different facility, Lisa again ran away in September 1995. The record reflects on that occasion she met her sister and brother at the Alexandria bus station and traveled to Dallas, Texas. The three stayed in Dallas until the end of November 1995, at which time the children's mother apparently learned of their whereabouts. She brought them to her home in Manifest, Louisiana, where she kept them concealed for several months. The state had no knowledge of Lisa's whereabouts until March, 1996. The state's custody of Lisa was terminated by the court on May 3, 1996.
Reviewing the facts of this case and the applicable law as outlined above, we conclude the plaintiff has failed to carry her burden of proving a suspension of prescription. This matter prescribed, therefore, as to the state and ETC on August 19, 1996, one year from the date of the alleged negligent behavior claimed by the plaintiff.
We note prescription has not run against Brian Mayes. La.R.S. 9:2800.9(A) provides as follows:
An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescription period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603(1). This prescriptive period shall be subject to any exception of peremption provided by law.
The appellee could, therefore, pursue a claim against Brian Mayes. The trial court has ruled, however, that neither the state nor ETC can be held vicariously liable for any actions by Brian Mayes. That ruling has not been appealed and is final. La. R.S. 9:2800.9 cannot be applied against either the state or ETC.
Having found the exception of prescription to be valid, it is unnecessary for the court to address the remaining issues presented for review.
For the reasons assigned, we reverse the judgment overruling the exception of prescription. We grant the exception of prescription and dismiss the plaintiff's suit at her costs.
REVERSED AND RENDERED.
SAUNDERS, J., dissents and will assign reasons.
WOODARD, J., dissents.
SAUNDERS, J., dissenting.
I dissent for the following two reasons.

STATE'S DUTY TO BRING THE LAWSUIT
First, in this instance, the state had the duty to bring the lawsuit on Wall's behalf. Prescription does not run in favor of the one who has the duty to bring the lawsuit. The conduct occurred while Wall was in the custody of the state. The state had an obligation to bring the cause of action on Wall's behalf while she was in state custody. In its analysis, the majority discusses the Bouterie case and the legislature's amendment to La.Code Civ.P. art. 683, and they determine the ruling of the case which suspended prescription has no application to this case. Bouterie v. Crane, 616 So.2d 657 (La.1993). I respectfully submit that this analysis is flawed. The majority misinterprets the reasoning of the case and the legislative intent in amending the statute.
*131 In Bouterie, the minor's natural father was absent, her mother had lost legal custody of the minor, her aunt had physical custody of the minor, and the state had legal custody of the minor. There was confusion in the law as to who was the proper party to enforce the litigious rights of the minor. The supreme court recognized that La.Code Civ.P. art. 683 was a statutory deficient law which did not provide the minor with a proper plaintiff to represent her. At the time, the court recognized, "LSA-C.C.P. art. 683, which mandates that an un-emancipated minor lacks the procedural capacity to sue, presumes the un-emancipated minor is under the `parental authority' of both natural parents or of one parent who is natural tutor/tutrix, or is before a court which appoints a tutor to safeguard his or her legal rights." Id. at 662. The statute simply did not address a situation where physical custody was awarded to one person and legal custody was awarded to the state. The court recognized that it was prejudicial for custody to be split in this manner leaving a minor without a party clearly responsible under the law to preserve and enforce the rights of the minor.
Following the lead of the supreme court, the legislature subsequently amended La. Code Civ.P. art. 683 by adding paragraph D to the statute which states in part, "... an attorney appointed by the court having jurisdiction over an un-emancipated minor who is in the legal custody of the Department of Social Services is the proper plaintiff to sue to enforce a right of an un-emancipated minor...." Accordingly, when a minor is in the legal custody of the Department of Social Services, this department is the proper party to enforce and protect the litigious rights of the minor. As such, the legislative intent in amending the statute stood for the proposition that custody could not be split as it had in the previous case leaving a minor without protection of their rights. The state is now clearly charged by law with the ultimate responsibility for enforcing the rights of a minor in state custody.
In the current case, the state was responsible for bringing an action on behalf on Wall. She was in its custody when the injury occurred continuing for ten months after the injury. It would be unconscionable for the state to benefit by allowing the prescriptive period to lapse to avoid liability. This would be analogous to a father molesting his minor child who is in his custody and then causing the child to lose her rights because the father is protecting himself. This would be unconscionable. Similarly, it is unconscionable for the Wall's action to be dismissed because the state did institute an action against itself in a timely fashion.
Bouterie applies the maxim that one can not be allowed to profit from his own wrong doing. "Nemo ex dolo suo proprio relevetur, aut auxilium capiat." This principle, while heretofore only cited in English, is well recognized in Louisiana Law.
With equal profundity and eloquence Chief Justice Monroe of the Louisiana Supreme Court in 1916 stated: "No law was ever enacted which contemplated the defeat of its purpose by fraud, and no court was ever organized which would knowingly permit a litigant to profit by his own wrong," concurring in Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, 606 (La.1916). Hyman in general and the concurring opinion of Chief Justice Monroe in particular are cited to this day for the contra non valentem exception to prescription. See Plaquemines Parish Com'n. Council v. Delta Development, 502 So.2d 1034 (La.1987). *132 Evans v. Canadianoxy Offshore Production, 98-835, p. 7 (La.App. 3 Cir. 12/9/98); 730 So.2d 466, 469.
In the present case, we are allowing prescription to run in favor of the state. In effect, we are allowing the state to benefit from its own inaction and violating the teaching of our Roman ancestor, of Justice Monroe and of Judge Yelverton who quotes Justice Monroe in Evans. The doctrine of contra non valentem which prevents the running of prescription in favor of the state should be used in this instance.

LEGISLATIVE EXCEPTIONS FOR MINORS
Second, the one year liberative prescriptive period for delictual actions begins to run from the date that the injury or damage is sustained. La.Civ.Code art. 3492. However, the legislature has established two exceptions to the one year prescriptive period for minors in cases of sexual abuse.
First, La.R.S. 9:2800.9 provides in pertinent part:
An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603(1). This prescriptive period shall be subject to any exception of peremption provided by law.
(Emphasis added.)
Further, Louisiana Children's Code Article 603(1)(c) defines abuse as, "[t]he involvement of the child in any sexual act with a parent or any other person, or the aiding or toleration by the parent or the caretaker of the child's sexual involvement with any other person ..."
Second, La.C.C. art 3496.1 provides the following:
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the date the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.
(Emphasis added.)
Both of these exceptions suspend prescription until the minor reaches the age of majority. As such, Wall's mother instituted the action on Wall's behalf in a timely manner. The petition was filed when Wall was sixteen. According to the above statutes, prescription on the action did not commence until she reached the age of majority. In fact, Wall had plenty time to institute such an action.
In Dugas v. Durr, we held that an action for inadequate supervision allowing a teenager to be raped is governed by 3496.1 and a 3 year prescription is applicable. I cannot distinguish this case from the one before us and suggest that it is controlling. Dugas v. Durr, 96-744 (La. App. 3 Cir. 3/6/98); 707 So.2d 1368.
For all of these reasons, I dissent. Wall's action was filed in a timely manner, and her claim is not barred by prescription.