JjPICKETT, Judge. ■
FACTS
This matter arises from an incident which occurred on August 19,1995, when a minor child, LW, was sexually abused by an employee of the shelter facility where she was placed by the Department of Social Services (DSS) while in the custody of the State of Louisiana.
LW and her two siblings were adjudicated children in need of care and placed in the custody of the State of Louisiana, through the Department of Social Services, on June 3, 1993. The children were split up and placed in different foster care facilities. The children frequently ran away from the various foster care facilities and homes where they were placed.
On July 31,1995, LW was transferred to Harbour House in Lake Charles, Louisi *873 ana, which was operated by Educational and Treatment Council, Inc. (“ETC”). LW ran away from Harbour House twice. The second time she ran away, on August 19, 1995, LW had pre-arranged to meet ETC employee Brian Mayes at a location off the ground. Mr. Mayes had allegedly told LW he would take her to her mother. Instead, he took her to his home where they engaged in unprotected sex. The next day, LW reported herself to sheriffs deputies as a runaway. She was returned to Harbour House. LW became pregnant, allegedly as a result of this incident.
On August 29, 1995, LW was removed from Harbour House and placed at the Renaissance Group Home for Girls. She ran away from that facility in September, 1995.
The State was unaware of her whereabouts until March, 1996, at which time LW was seven months pregnant, allegedly as a result of her union with Brian Mayes.
|2LW was released from the custody of the State on May 3, 1996. On May 30, 1996, she gave birth to a baby boy, BW.
On December 23, 1996, SS, individually and on behalf of her minor children, LW, CW, and her minor grandchild, BW, filed suit against the State of Louisiana and ETC.
This case has a lengthy procedural history. In this present appeal, the issues originally brought before us by the State and ETC were: 1) whether the action against the State had prescribed; 2) whether the trial court erred in granting a motion for partial summary judgment filed by the Plaintiff on the issue of negligence against ETC and the State; 3) Whether the trial court erred in failing to assess liability to the employee at issue; 4) Whether the trial court erred in usurping the jury’s right to allocate fault to the employee; and 5) Whether the trial court erred in depriving ETC of its right to have its defenses decided by a jury.
This court ultimately determined that LW’s action had prescribed, pretermitting discussion of the other assignments of error. S.S. v. State ex rel. Dept. of Soc. Servs., 01-943 (La.App. 3 Cir. 12/28/01); 806 So.2d 126. The Plaintiff sought a writ of review to the Supreme Court of Louisiana, and, ultimately, the ruling of this court was reversed by that honorable court. S.S. v. State ex rel Dep’t of Soc. Servs., 02-0831 (La.12/04/02); 831 So.2d 926. This matter was remanded to us for consideration of the remaining assignments of error.
DISCUSSION
The issues before the court at this time relate only to claims against the State and ETC on behalf of the minor child, LW. The first and last assignments of error are related and will be discussed together.
| oThe appellants argue that the trial court erred by granting a partial motion for summary judgment against ETC and the State on the issue of negligence.
Appellate courts review summary judgment de novo under the same criteria that governs a district court’s consideration of whether summary judgment is appropriate. La.Code Civ.P. art. 966. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The burden of producing evidence that no genuine issue of material fact exists is on the mover, who can ordinarily meet this burden by submitting affidavits or by pointing out a lack of factual support for an essential element in the opponent’s case. Once the mover has *874 made a prima facie showing that the motion should be granted, the burden shifts to the nonmoving party who must come forth with evidence which demonstrates he will be able to meet his burden at trial. Once a motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. La.Code Civ.P. art. 966; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-281 (La.3/14/97); 690 So.2d 41.
The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882. Facts are material if they determine the outcome of the legal dispute. Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
I/The Plaintiff filed a motion for partial summary judgment regarding the issue of whether the State and ETC had been negligent in its supervision of the minor child and alleging the negligence resulted in the rape of the minor child. The trial court granted that motion, found the State and ETC negligent, and specifically stated the trial on this matter would be limited to quantum.
In order to prevail on this motion, the burden is on the moving party, the plaintiff, to establish that no genuine issue of material fact exists as to negligence on the part of the State and ETC, and that she is entitled to judgment as a matter of law.
The trial court gave oral reasons for granting the motion for summary judgment. It is clear from the court’s comments that it concluded that negligence was established on the part of the State and ETC by virtue of the fact the minor child was able to leave the facility late at night. At the same time, the court acknowledged it was not clear exactly how she left the facility. The court further noted the lack of evidence that the State had any notice or knowledge of any shortcomings in ETC’s running of its facility or supervision of its residents. The court apparently did not find these to be disputed issues of material fact which would preclude summary judgment. We disagree.
The Plaintiff has failed to establish a prima facie showing that would entitle her to a judgment as a matter of law. Negligence cannot be presumed. The Plaintiff has established that the minor child left the facility and that an adult employee of the facility aided her in running away, subsequently molesting her. Whether the facility was negligent in its supervision, therefore allowing this incident to occur, is clearly disputed.
There is no undisputed evidence as to how the minor child made good her escape from the home. Whether the facility exercised reasonable care in its | ¡^supervision is also in dispute. The Plaintiff relies on the fact the child was able to run away as proof of negligence. This, however, is insufficient. The record contains evidence that the facility had procedures in place to protect against such occurrences, such as bed checks. Whether these safeguards were either reasonable or adequate is a disputed issue of fact. Further, there is no evidence presented by the Plaintiff that the State had knowledge of any negligent practices on the part of ETC. It is possible the State acted negligently in entrusting this child to ETC—but that must be established by evidence. It cannot be presumed.
*875 Clearly the defendants had legal (the State) and physical custody (ETC) of the minor child and, as a result, had the duty to exercise reasonable or ordinary care for the minor child’s safety commensurate with the particular circumstances—dealing with a teenager placed in the custody of the State who had run away from previous foster care facilities, and, in fact, this facility. The Plaintiff, however, has failed to establish the defendants breached this duty by establishing for the court undisputed facts which entitle her to judgment as a matter of law. Summary judgment against the defendants on the issue of negligence is not proper under the record. Accordingly, the court’s judgment is reversed on this issue.
The defendants, in their third and fourth assignments of error, allege the trial court erred in failing to assess liability to Brian Mayes, the perpetrator, and, in usurping the jury’s right to allocate fault to the perpetrator. Because we have determined summary judgment under the record is not proper in this case, the issue of negligence must be addressed at a trial on the merits.
In an action for injury or loss, the trier of fact shall determine the degree or percentage of fault of all persons found to have contributed or caused that injury. La.Civ.Code art. 2323.
fi The findings of percentages of fault are factual determinations which will not be disputed in the absences of manifest error. Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00); 773 So.2d 670, cert dismissed, 532 U.S. 992, 121 S.Ct. 1651, 149 L.Ed.2d 508 (2001). Both the nature of the conduct of each party and the extent of the causal relationship between the conduct and the damages claimed must be considered in determining the percentages of fault. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985).
The trial court erred in not assessing Brian Mayes with a percentage of the fault. However, we have determined the grant of partial summary judgment on the issue of negligence was error. This matter is remanded for a trial on the merits. The jury will, therefore be given the opportunity to determine what percentage of fault, if any, must be assessed against all persons who contributed to any injury against the minor child.
Costs of this appeal are to be borne by the defendants-appellants.
REVERSED AND REMANDED.
AMY, J., concurs in the result.