CHARLES R. JONES, Judge, Ad Hoe.
It The Appellants, Lisa Alack Peters, Joseph Winterstein, and Michelle Winter-stein, appeal an adverse district court judgment that maintained Sheriff J. Edward Layrisson’s and Connie Lowery’s (the named Appellees) Exception of Prescription and dismissed the Appellants’ case with prejudice. We affirm.
FACTS AND PROCEDURAL HISTORY
The Appellants are the parents and older sibling of the deceased infant, Michael J. Alack, who was allegedly beaten to death while in foster care. The Appellants allege that the infant was physically abused from August 28, 1992, through June 23, 1997. They further allege that the Appellees, Sheriff J. Edward Layris-son and Connie Lowery,[1] are individually and in their official capacities liable for various acts and omissions during 1992, 1993, and 1994, which may have resulted in Michael’s death.
Ms. Alack and Mr. Winterstein[2] further allege that beginning on August 24, 1992, they first noticed that Michael had an injury to his skull after he returned from the home of Ms. Evelyn McKnight, his babysitter. Subsequently, on September 22, 1992, Ms. Alack and Mr. Winterstein took LMichael to the Seventh Ward General Hospital for a skull injury they noticed after leaving the babysitter’s home. Once again, after Michael had spent time at Ms. McKnight’s home on December 26, 1992, he was taken to the hospital the following day for injuries he had allegedly sustained while in her care. On December 29, 1992, Michael succumbed to his injuries and died.
Ms. Alack and Mr. Winterstein also allege that they were falsely arrested on January 2, 1992. Additionally, they further allege that their minor daughter, Michelle, was taken into foster care while they were in police custody.[3] However, the Appellants later learned that Ms. McKnight was arrested on July 21, 1994. The Appellants point out that the date of Ms. McKnight’s arrest “brought about the revelation that Michael received his head injuries.. .while in the care and control of’ Ms. McKnight.
Initially, Ms. Alack and Mr. Winterstein filed suit against the Appellees in the United States District Court for the Eastern District of Louisiana. However, the U.S. District Court dismissed the federal law claims with prejudice and dismissed the state law claims without prejudice, thereby preserving Ms. Alack’s and Mr. Winter-stein’s right to bring state law claims against the Appellees. The U.S. Fifth Circuit Court of Appeals subsequently affirmed the judgment of the U.S. District Court.
Ms. Alack and Mr. Winterstein later filed suit in the Twenty First Judicial District Court on December 23, 2002. The *3 suit[4] was brought 13under Title 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and La. Civ Code arts. 2315,[5] 2315.1,[6] 2315.2,[7] and 2320.[8] The named defendants were J. Edward Layrisson, Connie Lowery, Craig Andrews,[9] Thomas Hall, Dale Frazier,[10] and Evelyn McKnight.
A peremptory exception of prescription was filed by the Appellees, Sheriff Layris-son and Ms. Lowery, on April 29, 2003. In their memorandum in support of their exception, the Appellees argued that the Appellants’ claim had prescribed pursuant to La. Civ.Code art. 3492, which provides that “delictual actions are subject to a liberative prescription of one year.”[11]
In opposition to the exceptions filed by the named defendants, Ms. Alack and Mr. Winterstein specifically argued that prescription had not run on their state law causes of action since La. R.S. 9:2800.9 was an exception to the one year liberative prescriptive period enumerated by La. Civ. Code art 3492. However, after a hearing on the exceptions, the district court | maintained the Appellees’ Exception of Prescription. No reasons were given by the district court. It is from this judgment the present appeal is taken.
LAW AND DISCUSSION
In Babineaux v. State ex rel. Dept. of Transp. and Development, 2004-2649 (La.App. 1 Cir. 12/22/05) 927 So.2d 1121, this Court stated “[wjhen evidence is introduced at the hearing on a peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.” Babineaux, 927 So.2d at 1123.
In their first assignment of error, the Appellants argue that by maintaining *4 the Appellees’ exception, the district court “in effect extended a statutory immunity to the named defendants, by unfairly dismissing the case with a trial against those defendants.” We disagree. Specifically, La. R.S. 9:2800.9(A), which is titled Action against a person for abuse of a minor, provides:
An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children’s Code Article 603(1). This prescriptive period shall be subject to any exception of peremption provided by law.
| BThe record indicates the Appellants have made several state law claims on the basis that the named defendants willfully and negligently supervised their subordinate employees, thereby acquiescing in the chain of events which may have led to Michael’s death. Additionally, the record indicates that the Appellants’ petition further alleged that “[ajlthough they [the defendants] are responsible for the investigation of out of home perpetrators under the circumstances presented in this case, they would not investigate out of home perpetrators on their own initiative, but only when the parent actively suspected an out of home perpetrator, such gross incompetence directly leading to the death of Michael Alack....” Thus, the Appellants contend that the Louisiana Office of Community Services, through its employees, was negligent in its failure to adequately supervise its employees and in its failure to investigate Ms. McKnight’s fitness to be a caregiver.
The starting point in the interpretation of any statute is the language of the statute itself. Theriot v. Midland Risk Ins., Co., 95-2895, p. 4, 694 So.2d 184, 186 (La.1997) citing Touchard v. Williams, 617 So.2d 885, 888 (La.1993). The statute gives a very specific right of action to a child who is a victim of abuse and preserves the child’s right to bring suit when he attains the age of majority. The ten (10) year prescriptive period is suspended until the child reaches majority and commences to run when the child reaches majority. However, in the facts of the instant case, we find that the district court was not manifestly erroneous in maintaining the Appellees’ exception. The language of the statute does not in any way extend immunity to the named defendants, rather the statute merely serves as an exception to liberative prescription by preserving a right to a minor so that the action may | fibe brought when he has the legal capacity to do so. Thus, based upon our review of the record, we find this assignment of error does not have merit.
In their second assignment of error, the Appellants argue that the district court erred in maintaining the Appellees’ Exception of Prescription where the applicable ten (10) year prescriptive period had not elapsed.
In Tramontin v. Tramontin, 2004-2286, (La.App. 1 Cir. 12/22/05), 928 So.2d 29, writ denied, 2006-0155 (La.5/26/06), 930 So.2d 20, this Court stated that “[t]he burden of proof is generally on the party pleading prescription. Hudson v. East Baton Rouge Parish School Board, 02-0987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286. However, when the petition is prescribed on its face, the plaintiff has the burden of showing that prescription has been interrupted in some manner. Id." Tramontin, 928 So.2d at 32.
*5 The record indicates that the petition was filed on December 27, 2002, nearly ten years after the death of Michael Alack on December 29, 1992, and the various acts of negligence claimed therein. Unfortunately, there is nothing in the record to support the Appellants’ argument that prescription has not run in the matter sub judice. They contend that 9:2800.9 is an exception to the one year prescriptive period provided for by law to the state law provisions cited in their petition. However, this Court is not persuaded by this argument that La. R.S. 9:2800.9 preserves their right to bring state law claims for ten years when the statute specifically preserves the injured child’s right, and not the parents, to bring suit once he reaches majority. Additionally, the Appellants have not cited any legal authority to support this argument. The statute does not contain any language purporting to 17extend this right to the surviving parents or sibling of a child who is injured by abuse. Furthermore, this Court further notes that there is also no indication in the record as to why the Appellants delayed in filing their suit in state court after Michael’s death. This is further substantiated by the fact that Ms. McKnight’s arrest supposedly alerted the Appellants to the possible claim as argued in their brief. Thus, we find that the district court was not manifestly erroneous nor clearly wrong in maintaining Sheriff Layrisson’s and Ms. Lowery’s Exception of Prescription.

DECREE

Accordingly, the judgment of the district court is Affirmed.
AFFIRMED.

. In their brief, the Appellees incorrectly referred to Ms. Connie Lowery as "Connie Do-tey” in some instances.

. For clarity, this opinion refers to the Appellants as "Ms. Alack and Mr. Winterstein,” but also includes their minor child, Michelle, who also is a named Appellant in this matter.

.The Appellants were later released on August 20, 1993.

. In addition to the civil suit related to Michael's death, the suit alleges other causes of action arising out their false arrest, Michelle's placement in foster care during Ms. Alack and Mr. Winterstein’s incarceration, and overall intimidation and harassment by Sheriff Lay-risson and Ms. Lowery and their subordinates.

. La. Civ.Code art. 2315 is titled “Liability for acts causing damages.”

. La. Civ.Code art. 2315.1, titled “Survival action,” provides that "[i]f a person who has been injured by1 an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased.”

. La. Civ.Code art. 2315.2, titled "Wrongful death action,” provides that "[i]f a person dies due to the fault of another, suit may be brought.. .to recover damages which they sustained as a result of the death [t]he right of action granted by this Article prescribes one year from the death of the deceased.”

. La. Civ.Code art. 2320, titled “Acts of servants, students or apprentices,” provides that “[m] asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”

. In the ■ Petition for Damages, Craig Anderson is identified as "Louisiana Office of Community Services Worker.”

. In the Petition for Damages, Thomas Hall and Dale Frazier are identified as "Office of Community Services Supervisors.”

. On May 7, 2003, the remaining defendants, Craig Andrews, Dale Frazier, and Thomas Hall filed a motion titled Peremptory Exception of No Cause of Action Raising Objections of Res Judicata and Prescription.