NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-852

CINDY SHIRLEY MCCONNELL

VERSUS

STATE OF LOUISIANA AND/OR
LOUISIANA DEPARTMENT OF SOCIAL SERVICES

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,844
HONORABLE GEORGE METOYER JR, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

AFFIRMED.

George L. Higgins, III
Attorney at Law
Post Office Box 3370
Pineville, LA 71361-3370
(318) 473-4250
COUNSEL FOR PLAINTIFF/APPELLANT:
    Cindy Shirley McConnell

**Jeff Landry**
**Attorney General**
**Leisa B. Lawson**
**Assistant Attorney General**
**900 Murray Street, Suite B-100B**
**Alexandria, LA 71301**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana Through the Department of Children and Family Services**

**PICKETT, Judge.**

Mother appeals the trial court's judgment granting the defendant's exception of prescription and dismissing her claims for loss of consortium with her three children arising from sexual and physical abuse they suffered while in the defendant's custody.

## FACTS

In March 2006, Cindy McConnell and her children, Shawn Madison,[1] Davey Henderson, and Lyle Henderson, filed suit against the State of Louisiana through the Department of Social Services (DSS). In their petition, the plaintiffs alleged that the children were placed in foster care by DSS for the period January 15, 1992 through March 11, 1992. They further alleged that the foster parents neglected the children and sexually and physically abused them during that time. Ms. McConnell asserted that the abuse caused her to suffer a loss of consortium with the children due to the abuse and sought damages for her loss.

DSS filed an exception of prescription to Ms. McConnell's claims, asserting that her claims had prescribed because they are subject to a one-year liberative prescription. After a hearing, the trial court issued a judgment granting the exception of prescription and dismissing Ms. McConnell's claims. She appealed.

## DISCUSSION

Ms. McConnell assigns one error with the trial court's judgment which requires us to determine whether the three-year and ten-year prescriptive periods

---

[1] Ms. McConnell initially filed suit individually and on Shawn's behalf who was still a minor. Upon attaining the age of eighteen, Shawn joined the suit as plaintiff.

set forth in La.Civ.Code art. 3496.1[2] and La.R.S. 9:2800.9,[3] respectively, for recovering damages caused by sexual and/or physical abuse to minors apply to all claims or only to claims asserted by plaintiffs who were abused as minors.

The standard of review for reviewing the grant of an exception of prescription is governed by whether evidence was introduced at the hearing on the exception. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. When, as in this case, evidence was introduced at the hearing, we review the judgment to determine if the trial court committed manifest error in granting the exception. *Brooks v. Meaux*, 18-980 (La.App. 3 Cir. 6/12/19), 275 So.3d 41, *writ denied*, 19-1135 (La. 10/8/19), 280 So.3d 590.

As a general rule, the party urging prescription bears the burden of proving that the cause of action has prescribed. *Bailey v. Khoury*, 04-620 (La. 1/20/05), 891 So.2d 1268. If, however, prescription is apparent on the face of the pleadings, the plaintiff must show that the action has not prescribed. *Id.* Prescriptive statutes

---

[2] Louisiana Civil Code Article 3496.1 provides:

> An action against a person for abuse of a minor is subject to liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.

[3] Louisiana Revised Statutes 9:2800.9 states, in pertinent part:

> A. An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603. This prescriptive period shall be subject to any exception of peremption provided by law.

are strictly construed against prescription and in favor of the claim sought to be proved. *Barras v. O'Rourke*, 19-412 (La.App. 3 Cir. 12/18/19), 287 So.3d 817.

Claims for loss of consortium prescribe in one year. La.Civ.Code art. 3492. "This prescription commences to run from the day injury or damage is sustained." *Id.* The plaintiffs filed their petition on March 20, 2006, almost fourteen years after the children left DSS's custody in March 1992. Accordingly, Ms. McConnell's claims for loss of consortium are prescribed on the face of the pleadings, and she has the burden of proving that her claims have not prescribed.

Ms. McConnell argues that her claims are not governed by La.Civ.Code art. 3492's one-year prescriptive period, but by the prescriptive periods set forth in La.Civ.Code art. 3496.1 and La.R.S. 9:2800.9. Louisiana Civil Code Article 3496.1 provides a three-year prescriptive period for actions "against a person for abuse of a minor[,]" while La.R.S. 9:2800.9(A) provides a ten-year prescriptive period for actions "against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment of permanent physical injury or scarring[.]"

In essence, Ms. McConnell argues that these two provisions govern *all* claims arising from the abuse of a minor and that her loss of consortium claim is not prescribed because the petition was filed less than three years after her oldest child reached the age of majority, as provided in Article 3496.1. She cites this court's holdings in *Dugas v. Durr*, 96-744 (La.App. 3 Cir. 3/6/98), 707 So.2d 1368, *writ denied*, 98-910 (La. 5/15/98), 719 So.2d 464, and *Bowie v. Rapides Parish School Board*, 03-1369 (La.App. 3 Cir. 3/3/04), 867 So.2d 942, as support for her claim. In both *Dugas* and *Bowie*, the issue was whether the three-year prescriptive period in La.Civ.Code art. 3496.1 applied to claims arising from

sexual abuse that occurred when non-parent adults failed to exercise adequate supervision of the abuse victim. In those cases, parents filed claims on behalf of their minor children who had been abused. Neither case concerned a parent's claim for loss of consortium; accordingly, neither has any bearing on this case.

DSS argues that Ms. McConnell's loss of consortium claim is derivative of the children's claims for abuse; therefore, her claim is separate and distinct from her children's tort claims and prescribed one year after the children were abused. In *Landry v. Avondale Industries, Inc.*, 03-719 (La. 12/3/03), 864 So.2d 117, the supreme court considered the issue of when a claim for loss of consortium accrues. In doing so, the court discussed at length the nature of loss of consortium claims, observing, in part, that a loss of consortium claim, like a wrongful death claim, is a derivative claim that is "dependent on a primary tort to another person" but "separate from any claim of the primary victim"; therefore, it is not "the assertion of the primary victim's cause of action itself, as in the case with a survival action." *Landry*, 864 So.2d at 126 (quoting William E. Crawford, *Developments in the Law 1993-1994*, [55 La. L.Rev. 657, 658 (1995)]). The court then noted that "A loss of consortium claim, like a wrongful death claim, clearly compensates the beneficiaries for their own injuries, separate and distinct from the victim's injuries[,]" and concluded:

> A claim for loss of consortium accrues at the time a plaintiff suffers an actual loss of consortium, which is the point at which an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service, or society.

*Id.*

The first circuit addressed an argument similar to Ms. McConnell's in *Peters v. Layrisson*, 05-1713 (La.App. 1 Cir. 10/18/06), 961 So.2d 1, in the context of

4

La.R.S. 9:2800.1. In *Peters*, the plaintiffs, parents of a deceased infant, sought to defeat an exception of prescription regarding their wrongful death and survival actions that arose from abuse which arguably caused their infant's death, arguing that the statute is an exception to La.Civ.Code art. 3492's one year prescriptive period. The court determined, however, that the language of La.R.S. 9:2800.1 "specifically preserves the *injured child's* right, and not the parents, to bring suit once he reaches majority." *Peters*, 961 So.2d at 5. The court also observed that La.R.S. 9:2800.1 "does not contain any language purporting to extend this right to the surviving parents . . . of a child who is injured by abuse." *Id.*

Pursuant to *Landry*, 864 So.2d 117, *Peters*, 961 So.2d 1, and La.Civ.Code art. 3492, Ms. McConnell had one year to assert her claims for loss of consortium. She has not asserted or presented any evidence that shows prescription of her claims was suspended, interrupted, or renounced. *See, e.g., Bouterie v. Crane*, 616 So.2d 657 (La.1993). Nor has she shown that the theory of *contra non valentem* prevented her from filing suit on her claims earlier. *See N. G. v. A. C.*, 19-307 (La.App. 3 Cir. 10/2/19), 281 So.3d 727. Accordingly, we find no error with the trial court's granting DSS's exception of prescription and dismissing Ms. McConnell's claims.

## DISPOSITION

For the reasons discussed above, the trial court's judgment is affirmed. All costs of this appeal are assessed to Cynthia McConnell.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

5